# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                No. CV-05-0411 JC/KBM
                                      CR-01-0039 JC

MARIO MONTES-FELIX,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 286) filed April 11, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was sentenced to a 210-month prison term for his conviction on drug charges, and on August 29, 2003, the Court of Appeals for the Tenth Circuit dismissed the appeal from his conviction.

In his § 2255 motion, Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his

criminal conviction.  *See United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, slip ord. at 4 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).  For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148.  These decisions apply only to pending cases and those on direct review.  *See Booker*, 125 S. Ct. at 769; *Meza-Hernandez*, 2005 WL 1231927, slip ord. at 4.  Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

    IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 286) filed April 11, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                        */s/ John Edwards Conway*
                                  UNITED STATES DISTRICT JUDGE